# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1992 | **DATE** | December 5, 2012 |
| **CASE TITLE** | United States of America ex rel. Armstrong vs. Angus | | |

**DOCKET ENTRY TEXT**

The Court declines to excuse Armstrong's procedural default, and his habeas petition is denied. Because Armstrong is time-barred from exhausting his state court remedies, the denial is with prejudice. All other pending motions are denied as moot.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

---

# ORDER

This case comes before the Court on Petitioner Craig Armstrong's ("Armstrong") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"). For the following reasons, the petition is denied with prejudice.

Armstrong seeks habeas relief from an October 7, 2011 conviction before the Circuit Court of the Eighteenth Judicial Circuit of DuPage County, Illinois (the "Circuit Court"). In Case No. 2010 TR 68025, Armstrong pled guilty to operating an uninsured motor vehicle pursuant to a plea agreement. In exchange for his guilty plea, Armstrong had a criminal charge against him in another case, Case No. 2011 TR 7449, dismissed. Armstrong was sentenced to conditional discharge under 730 ILCS 5/5-1-4. He has not appealed his conviction in state court, nor has he attacked the conviction collaterally in any other state or federal forum.

On March 19, 2012, Armstrong filed a petition for habeas relief with the Court pursuant to Section 2254, naming Alan Angus ("Angus") as the respondent. Armstrong is currently incarcerated at the Stateville Correctional Center for matters unrelated to the instant conviction. Although the conviction at issue here did not result in imprisonment, Armstrong may seek habeas relief because the conviction can carry post-custody collateral consequences. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).

As a preliminary matter, Angus moves to substitute the Circuit Court as the proper respondent in this action. The proper respondent in a habeas case is the petitioner's immediate custodian: the person who holds day-to-day control over the petitioner's custody. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004). Armstrong pled guilty and was sentenced to conditional discharge by the Circuit Court. At this juncture, the Circuit Court determines whether Armstrong has met the conditions of his sentence and can order him to appear for additional hearings. Accordingly, Armstrong is in the "custody" of the Circuit Court for purposes of this petition. *See*

*Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345 (1973) (naming as respondent the municipal court that oversaw petitioner's conditional release from jail). Angus's motion is granted, and the Circuit Court is hereby substituted in his place.

A district court may entertain an application for writ of habeas corpus on behalf of a state prisoner who is in custody in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2254(a). Prior to assessing the merits of a habeas petition, the Court must consider whether the petitioner has procedurally defaulted his claims. The procedural default doctrine precludes a federal court from reaching the merits of a habeas claim if the claim was not presented in state court and the state court would now hold the claim to be procedurally barred. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Respondent contends that Armstrong's claims are procedurally defaulted because he never presented any of his federal claims to a state appellate court and the time to do so has lapsed. Armstrong has neither appealed his conviction nor sought habeas relief from the Illinois court system. Illinois Supreme Court Rule 604(d) requires a defendant who wishes to appeal from a guilty plea to submit a motion to withdraw the plea agreement and vacate the judgment within thirty days of sentencing. Because Armstrong did not raise his claims to the state court within the prescribed time, the window to appeal his conviction has closed, rendering his habeas petition procedurally defaulted. *Id.*

A district court may nevertheless excuse a petitioner's procedural default if the petitioner demonstrates: (1) cause for the default and resulting prejudice, or alternatively, (2) that a miscarriage of justice will result if the court fails to consider the claim on the merits. *Id.* A petitioner demonstrates cause by showing that "some external impediment blocked him from asserting his federal claim in state court." *Id.* at 514-515. A petitioner establishes prejudice if he can show that the errors that he complains of actually and substantially "infect[ed] his entire trial with error of constitutional dimension." *Id.* at 515. In the alternative, a petitioner demonstrates a "miscarriage of justice" by showing that he is actually innocent of the crime for which he was convicted. *Id.*

Armstrong does not claim he is innocent of the crime for which he was convicted. Instead, he alleges that the Circuit Court Clerk (the "Clerk") purposefully failed to timely mail him documents essential for his appeal. Even if we were to accept Armstrong's unsubstantiated allegation of willful conduct on the part of the Clerk, he fails to specify the nature of the documents that he sought or why they were necessary to timely effectuate an appeal. He therefore does not sufficiently establish cause for his procedural default, or that it prejudiced him. Armstrong instead attempts to support his claim with dozens of pages of documents concerning separate state court convictions and subsequent habeas petitions. These documents offer Armstrong no refuge, as they are wholly unrelated to the conviction he now attempts to attack. *See Boriboune v. Berge*, 391 F.3d 852, 854 (7th Cir. 2004) ("[E]ach petition must be directed to a single criminal judgment.").

In light of the foregoing, the Court declines to excuse Armstrong's procedural default, and his habeas petition is denied. Because Armstrong is time-barred from exhausting his state court remedies, the denial is with prejudice.

Date:  __December 5, 2012__

**CHARLES P. KOCORAS**
**U.S. District Judge**